NATHAN FLEISCHER *vs.* ARMAND H. COTE. SECRETARY OF STATE.

APRIL 26, 1948.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

PER CURIAM. This petition for mandamus was brought to require the respondent Armand H. Cote, as secretary of state, to place upon the ballot labels to be used in the voting machines in the special election to be held in the city of Newport in this state on Tuesday, April 27, 1948,

the emblem of the Better Government party, which nominated the petitioner as its candidate for mayor of that city. Pursuant to this court's citation, the respondent, who was represented by an assistant attorney general, appeared to show cause why the petitioner's prayer for relief should not be granted.

The petitioner alleges in substance that he is a citizen of the United States and of the state of Rhode Island; that he has been duly nominated on final nomination papers by the Better Government party as its candidate for the office of mayor of the city of Newport at a special election to be held in that city on Tuesday, April 27, 1948; that such nomination papers have been duly certified and have been filed with the respondent as secretary of state; that the Better Government party has duly adopted the emblem of the "Minute Man" as its party's symbol; and that the respondent, though formally requested, has refused to place the Better Government party's emblem on the ballot labels to be inserted in the voting machines which will be used at such election, notwithstanding that he has placed the emblems of the Democrat and Republican parties respectively upon such ballot labels. He prays in substance that the respondent be directed to place the adopted emblem of the Better Government party on the ballot labels in all the voting machines to be used in said election so that he, as a candidate of that party, may have the same general treatment as the corresponding candidates of other parties.

The respondent does not deny any of the facts alleged in the petition. He bases his refusal to comply with the petitioner's request solely on the ground that the Better Government party did not receive 2 per cent of all votes cast for governor at the last election for state officers, and therefore does not come within the definition of "party" appearing in general laws 1938, chap. 318, as amended, commonly referred to as the voting machine law.

He points out that §2 of this statute defines "party" as follows: "The term 'party' shall mean any political

organization or group of citizens making nominations in accordance with the provisions of Chapters 316 and 317 * * *." In §1 of chap. 316, the following provision is made: *"For the purposes of this chapter,* a political party is hereby defined to be one which at the next preceding election of state officers cast for its candidate for governor at least 2 per cent of all the votes cast in the state for that office." (italics ours) The same definition of a political party is made in §1 of chap. 317.

From these provisions the respondent argues that by thus defining a political party in chap. 318 the legislature inferentially restricted the privilege of having an emblem to those political parties which have obtained at least 2 per cent of all votes cast for governor at the next preceding election for that office. Since the Better Government party admittedly did not appear on the ballot in that election, the respondent contends that it has failed to qualify as a party which would be entitled to have the emblem as requested.

We do not agree with this contention. The respondent apparently overlooks the fact that chap. 316 relates to caucus nominations and the holding of caucuses by parties that come within the definition of a political party therein made expressly *for the purpose of that chapter.* He further overlooks the fact that while chap. 317, §1, repeats the definition of a political party as used in chap. 316, it nevertheless limits that definition by §4 as follows: "Wherever the words 'political party' are used in §§1, 2 and 3 of this chapter, they shall be construed to mean a political party which at the next preceding election of state officers cast for its candidate for governor at least 2 per cent of all the votes cast in the state for that officer."

The first three sections of chap. 317 relate to final nominations by conventions of delegates representing a political party as there defined. The later sections of that chapter, however, provide for final nominations of candidates under a party designation or principle by virtue of duly signed and

certified nomination papers to be filed with the secretary of state. For nominations of candidates on nomination papers no convention of delegates is necessary and this explains why the definition of a political party is confined to §§1, 2 and 3 of chap. 317.

On the record and argument before us, therefore, we are of the opinion that the instant case is governed in principle by the cases of *Cahir* v. *Cote,* 72 R. I. 188, and *Cahir* v. *Lamarre,* 72 R. I. 193. In the first of these cases we held that the petitioner had complied with the requirements of the election law so as to entitle him to be considered as a candidate of a political party, although the nomination there was made by final nomination papers as in the instant case. In connection with the arrangement on the ballot diagram and labels, we said: "The spirit of the election laws requires that a political party that complies with the law in making its nominations of candidates is entitled to receive from the secretary of state, so far as reasonably practicable, the same general treatment that is given by him to other political parties in the matter of making up the diagram and ballot labels for use in the voting machines."

Again in *Cahir* v. *Lamarre, supra,* we repeated "that a political party, otherwise complying with the law in making its nominations of candidates for office, was entitled to the same general equality of treatment, so far as reasonably practicable, as that which was to be accorded to other political parties appearing on the ballot labels in the voting machines." See also *Moses* v. *Cote,* 72 R. I. 196, as to the right of a candidate upon final nomination papers to have a party designation qualified by the words "nom. papers."

In the instant case the respondent has not pointed out any provision of the election laws which expressly or by necessary implication restricts the use of a party designation and emblem on the voting machine ballot labels to a party which has obtained 2 per cent of the entire vote cast for governor in the next preceding election for that office.

Nor has he shown anything to warrant the conclusion that the relief prayed for by the petitioner was not sought by timely request or that it was not reasonably practicable to make adequate provision for such relief, if granted by the court. In these circumstances we are of the opinion that the petitioner is entitled to relief.

The writ of mandamus will issue in accordance with this opinion.

Petitioner *pro se ipso*.

*John H. Nolan,* Attorney General, *Guillaume L. Parent,* Assistant Attorney General, for respondent.